IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   08-cv-00125-RMP-GJR

JOHN KLISH

Plaintiff,

v.

SCHLUMBERGER TECHNOLOGY CORPORATION

. Defendant.

---

## AMENDED SCHEDULING ORDER DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

---

On May 1, 2008, at 11:30 a.m., a scheduling conference took place in the Conference Room, Second Floor of the Byron White United States Courthouse. Plaintiff John Klish was represented by Keith Killian of Killian, Jensen, & Davis, P.C., 202 North Seventh Street, Grand Junction, Colorado 81502. Defendant Schlumberger Technology Corporation was represented by Attorney William L. Davis of Jackson Lewis, L.L.P. 3811 Turtle Creek Boulevard, Suite 500, Dallas, Texas 75219.

### 2. STATEMENT OF JURISDICTION

    a.    This suit was originally filed against the Defendant in the District Court of Mesa County, Colorado, under the American with Disabilities Act (ADA) 42 U.S.C. 12101, *et seq.* ADA – 42 U.S.C. 12111 (8), and 42 U.S.C. § 12111 (9) for failure to accommodate,

1

with or without reasonable accommodation, and damages pursuant to ADA – 42 U.S.C.A. § 12111 (10), ADA – 42 U.S.C. 12205 and 29 C.F.R. § 1630.2 (p). Jurisdiction in District Court of Mesa County was deemed appropriate because the plaintiff resided at the time of the incident and still resides in Mesa County, Colorado; the defendant, at the time of the incident, was a Texas corporation authorized to do business in Mesa County; and the torts complained of in the original complaint were allegedly committed in Mesa County, Colorado.

b. On January 18, 2008, defendant, through counsel, filed a Notice of Filing of Notice of Removal and Notice of Removal to United States District Court, a Certificate of Compliance with 28 U.S.C. §1446(d) and D.C. Colo. LR 812, and a list of exhibits to Notice of Removal to United States District Court pursuant to 28 U.S.C. Sec. 1441 (a), which removed the action from Mesa County District Court to the United States District Court due to the fact that the plaintiff, John Klish, alleges, that the defendant, Schlumberger Technology Corporation violated the Americans with Disabilities Act.

c. On January 22, 2008, Judge Richard Mastsch designated Judge Gundrun J. Rice to conduct proceedings in the matter.

d. On January 31, 2008, Judge Rice disqualified herself, under Section U.S.C. §455 (a) a and (b)(4) because she has a financial interest in Schlumberger Limited, which owns Schlumberger Technology Corporation.

e. On February 1, 2008, Judge Matsch vacated the order entered January 22, 2008.

f. On February 1, 2008, Judge Matsch ordered a the Scheduling Conference to be held March 25, 2008 with the proposed order submitted directly to chambers by 4:00 p.m. on March 20, 2008.

## STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff alleges the following claims:

1.  Plaintiffs' First Claim for Relief against defendant, Schlumberger Technology Corporation is Failure to Accommodate, Vacant Position, Disabled ADA, 42 U.S.C. § 12112 (a) and (b).

2.  Plaintiffs' Second Claim for Relief against defendant, Schlumberger Technology Corporation is Failure to Accommodate, Vacant Position, Record of Disability ADA, 42 U.S.C. § 12112 (a) and (b).

3.  Plaintiff Third Claim for Relief against defendant, Schlumberger Technology Corporation is Failure to Accommodate, Vacant Position, Regarded as Disabled, ADA, 42 U.S.C. § 12112 (a) and (b).

b.  Defendant claims the following defenses:

1.  Defendant admits that Plaintiff's hearing impairment qualifies as a disability under the ADA. However, Plaintiff was not a qualified individual with a disability because he could not perform the essential functions of the job for which he was applying even with an accommodation. Further, the accommodations sought by Plaintiff were not reasonable and would have created an undue hardship on Defendant. Further, Plaintiff's employment in the position he sought would have posed a direct threat to his safety and the safety of others. The selection criteria and functional capacity testing used by Defendant for this job are job-related and consistent with business necessity. To the extent Plaintiff complains that Defendant did not allow him to continue in the interview process long enough for purposes of engaging in the interactive process of identifying reasonable accommodations, Defendant would have made the same decision, and, further, Defendant invited Plaintiff to apply for other positions within the company. Finally, Defendant believes Plaintiff found another job

and has not suffered significant damages as a result of not being hired by Defendant.

## UNDISPUTED FACTS

The following facts are undisputed:

1. On February 13, 2006, Klish applied online with Schlumberger for a Field Engineer position.

2. On February 20, 2006, Clayton Campbell ("Campbell"), a Schlumberger Recruiter, interviewed Klish via telephone.

3. The interview was conducted through a system where Campbell asked questions on the telephone to a translator, the translator typed the question for Klish, and the translator read Klish's response back to Campbell.

4. Klish has a physical impairment, namely he is hearing impaired, which substantially limits one or more of his major life activities. (Admitted in paragraph 36 of the Answer).

5. Klish is an individual with a disability, pursuant to the ADA, 42 U.S.C. §12102(2).

6. Campbell and Schlumberger were aware of Klish's hearing impairment.

7. During the interview, Campbell asked Klish if he would be able to pass the hearing portion of a functional capacity test.

8. Klish informed Campbell that he would not be able to pass a hearing test.

9. On February 22, 2007, Campbell sent Klish an email which stated that Schlumberger would not hire Klish because "we can not have deaf person working in the field."

4

10. Schlumberger gave Campbell verbal counseling about sensitivity, accommodations, and how to respond to job candidates and sent Campbell to three hours of "EEO for Recruiters" training.

## COMPUTATION OF DAMAGES

1. Economic Damages

   a. <u>Loss of Wages and Fringe Benefits</u>.

   Mr. Klish believes that if he were not wrongfully denied employment by defendant, he would have started work in February of 2006, earning $56,000, per year. He would have received the following raises: February of 2007 to $65,000 and February of 2008 to $78,000. In February of 2006, he would have earned $56,000 and would have also received 35% of his wages or $19,600 per year in fringe benefits for a total of $75,600 in compensation per year. This figure equals $6,300 per month in compensation Mr. Klish would have received had defendant not wrongfully denied him employment. As a result of defendant denying Mr. Klish employment, Mr. Klish lost $6,300 for the month of February of 2006.

   For the months of March of 2006, through May of 2006, Mr. Klish obtained substitute employment with Leffing Well Consulting Engineers. While employed at Leffing Well, Mr. Klish earned wages of $42,000 per year and approximate fringe benefits of 35% of his wages or $14,700 per year for a total of $56,700 in compensation per year. This figure totals $4,725 per month. Compared to the compensation Mr. Klish would have received with defendant, this

5

results in a loss of monthly compensation of $1,575 per month. Thus, for the months of March 2006 through May 2006 (3 months), Mr. Klish lost $4,725 in compensation.

In May of 2006, Mr. Klish was laid off from Leffing Well due to a lack of available work. He was unemployed from June of 2006, through July of 2006. Had he been employed by defendant at this time, he would have received $6,300 per month in compensation. Thus, for the months of June and July of 2006, Mr. Klish lost $12,600 in compensation.

In August of 2006, Mr. Klish became employed with the Colorado Department of Transportation. From August of 2006, through July of 2007, Mr. Klish received $46,000 per year in wages and approximate fringe benefits of 35% of his wages or $16,100 per year for a total of $62,000 per year in compensation. This figure totals $5,167 per month in compensation. This is a difference of $1,133 per month for a total of $6,798 in lost compensation from August of 2006, through January of 2007.

In February of 2007, Mr. Klish would have received a raise to $65,000 per year in wages and approximate fringe benefits of 35% of his wages or $22,750 per year for a total of $87,750 per year in compensation. This figure totals $7,312.50 per month in compensation. Thus during the five months, from February 2007, through July 2007, Mr. Klish lost $2,145.50 per month for a total of $10,725 in lost compensation.

6

In August of 2007, Mr. Klish received a raise from CDOT. From August of 2007, through February of 2008, Mr. Klish received $48,000 per year. With this raise, Mr. Klish was also receiving fringe benefits of approximately 35% of his wage or $16,800 in fringe benefits per year for a total of $64,800 per year in compensation or $5,400 per month. This amount is $1,912.50 less than what Mr. Klish would have received had defendant not denied him employment. Thus, during the six months, from August of 2007, through January of 2008, Mr. Klish lost $1.912.50 per month for a total of $11,475 in lost compensation.

In February of 2008, Mr. Klish received a raise from CDOT to $60,000 per year. With this raise, Mr. Klish was also receiving fringe benefits of approximately 35% of his wage or $21,000 in fringe benefits per year for a total of $81,000 per year in compensation or $6,750 per month. In February of 2008, Mr. Klish would have received a raise from the defendant to $78,000 per year in wages with fringe benefits of approximately 35% of his wage or $27,300 for a total of $105,300 per year in compensation. This amount equals $8,775 per month in compensation. The amount he earned at CDOT was $2,025 less than what Mr. Klish would have received had defendant not denied him employment. Thus, in the eight years and five months from February 2008 through July 2016, Mr. Klish will lose $2,025 in compensation per month for a total of $131,625 in lost compensation.

7

In summation, from February of 2006 to July of 2016, Mr. Klish will suffer loss of wages and fringe benefits $184,248.00. The actual economic damages amount may be higher, based on vocational and economic expert evaluations.

    b.    <u>Attorneys' Fees</u>

Mr. Klish's estimated attorneys fees are currently estimated to be at $10,000. If the matter proceeds to trial, Mr. Klish's attorney's fees could reach $500,000 or higher.

    c.    <u>Costs</u>.

To date, Mr. Klish has incurred litigation costs of $230.56. If the matter proceeds to trial, Mr. Klish may incur costs of $50,000 or higher.

    d.    <u>Pre-Judgment and Post-Judgment Interest</u>.

Mr. Klish will seek pre-judgment and post-judgment interest calculated at the appropriate interest rate imposed in Federal Court.

2.    Compensatory or Non-Economic Damages

    a.    <u>Emotional Pain and Suffering</u>

Mr. Klish values his emotional pain and suffering at $10,000 per year for the next 10 years for a total of $100,000.

    b.    <u>Inconvenience</u>

Mr. Klish values his inconvenience at $10,000 per year for the next 10 years for a total of $100,000.

        c.     <u>Mental Anguish</u>

Mr. Klish values his mental anguish at $10,000 per year for the next 10 years for a total of $100,000.

        d.     <u>Loss of Enjoyment of Life</u>

Mr. Klish values his loss of enjoyment of life at $10,000 per year for the next 10 years for a total of $100,000.

        e.     In total, Mr. Klish will seek $400,000 in non-economic damages.

3.     <u>Total Compensatory Damages</u>

Mr. Klish's economic damages are valued at $184,248. Mr. Klish's non-economic damages are valued at $400,000. Assuming the defendant has greater than 500 employees the maximum in compensatory damages would be $300,000. The economic and compensatory damages would therefore total $ 484,248 plus attorney's fees costs and interest.

4.     <u>Punitive Damages</u>

Mr. Klish will seek punitive damages equal to his total economic and non-economic damages for a total of $484,248.00. However, punitive damages are also limited to $300,000. The maximum damages would be limited to $300,000 for compensatory and punitive damages combined. When economic damages are added the total claim is worth $484,248, plus attorney's fees, costs and interest

9

## REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(1)

a. The Rule 26(f) meeting was held February 26, 2008, by telephone conference.

b. The participants were Nicholas Mayle for Plaintiff, John Klish, and William L. Davis, for Defendant, Schlumberger Technology Corporation.

c. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. 26(a)(1).

d. Plaintiff made Rule 26(a)(1) disclosures on March 13, 2008. Defendant made Rule 26(a)(1) disclosures on April 7, 2008.

e. Informal discovery. Since the witnesses in this case may be outside of subpoena range, the parties believe depositions to preserve testimony are appropriate.

f. Electronic discovery. The parties do not anticipate significant electronic discovery.

## CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: May 30, 2008

b. Discovery Cut-off: October 20, 2008

c. Dispositive Motion Deadline: November 3, 2008

d. Expert Witness Disclosure:

(1) The parties anticipate expert testimony in the areas of audiology, vocational assessment, accommodation, and damages.

(2) The parties limit the use and number of retained expert witnesses to six (6) expert witnesses, excluding treating physicians not discussing standard of care.

Expert discovery shall be conducted as follows:

10

(3) The party bearing the burden of proof on a claim or defense will designate its expert witnesses (except for vocational, economic or damages experts) and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 15, 2008. The party not bearing the burden of persuasion on the issues for which expert opinion is to be offered shall designate all experts (except for vocational, economic or damages experts) and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) by September 15, 2008.

(4) The parties shall designate all contradicting experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 15, 2008.

(5)   Plaintiff will designate his vocational, economic or damages expert witnesses and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before thirty days after the conclusion of the trial on the merits and receipt of the jury's verdict. Defendant will designate its vocational, economic or damages expert witnesses and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) within 30 days after Plaintiff designates his vocational, economic or damages expert witnesses. The plaintiff shall designate any contradicting experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) within 30 days after defendant designates its vocational, economic or damages expert witnesses..

(6) Notwithstanding the provisions of Fed. R. Civ. P. 26(A)(2)(B), no exception to the requirements of the rule will be allowed by stipulations of the parties unless the stipulation is approved by the court.

e.   Deposition Schedule:

11

The parties will cooperate in scheduling depositions at mutual convenient times.

The parties will attempt to schedule these depositions by June 30, 2008.

A tentative initial list of depositions follows:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| John Klish (plaintiff) | To be determined | To be determined | 7 hours or less |
| Clayton Campbell, Schlumberger Technology Corporation (defendant) | To be determined | To be determined | 7 hours or less |
| HR Representative, Schlumberger Technology Corporation. | To be determined | To be determined | 7 hours or less |
| Plaintiff's Medical Providers | To be determined | To be determined | 7 hours or less |
| Other Individuals Listed In Disclosures | To be determined | To be determined | 7 hours or less |
| Amber Moss, EEOC Compliance (Schlumberger) | To be determined | To be determined | 7 hours or less |
| Michael Irausquin, Supervisor of Clayton Campbell (Schlumberger) | To be determined | To be determined | 7 hours or less |
| Andrew Johnson, Employee of Schlumberger | To be determined | To be determined | 7 hours or less |
| Jill Curry, Employee of Schlumberger | To be determined | To be determined | 7 hours or less |
| Director of Operations in Colorado (Schlumberger) | To be determined | To be determined | 7 hours or less |
| Supervisory Engineer for Colorado (Schlumberger) | To be determined | To be determined | 7 hours or less |

| Supervisory Engineer for Western Colorado (Schlumberger) | To be determined | To be determined | 7 hours or less |

    f.    Interrogatory Schedule:

Interrogatory requests should be served no later than, September 17, 2008.

The response to written interrogatories is to be made thirty (30) days after the interrogatory request is served, plus any time provided by the rule for mailing or e-filing.

    g.    Schedule for Request for Production of Documents:

Request for production of documents should be served no later than, September 17, 2008.

The response to request for production of documents is to be made thirty (30) days after the request for production is served, plus any time provided by the rule for mailing or e-filing.

    h.    Discovery Limitations:

        (1)    The parties agree to limit the number of depositions to parties plus those listed in disclosures, not including experts.

        (2)    The parties agree to limit the depositions to seven (7) hours.

        (3)    Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules: See No. 1 above.

        (4)    Limitations which any party proposes on number of requests for production of documents and/or requests for admissions: Requests for Authenticity are not limited. The parties agree to a limitation of thirty (30) Interrogatories, thirty (30) Requests for Admissions, which do not pertain to requests for authenticity or genuineness, and thirty (30) Requests for Production of Documents per party. The deadline for

Interrogatories, Requests for Production of Documents, and Requests for Admissions is September 17, 2008. The deadline for Requests for Authenticity is thirty days prior to trial. Each party reserves the right to move for a protective order to the extent that it believes that the requests by opposing party are excessive or otherwise unduly burdensome or for any other reason permitted by the rules.

## SETTLEMENT

Pursuant to Fed. R. Civ. P. 26(f), the parties certify that they have discussed settlement, but that these discussions have been premature. The parties will continue to explore the possibility of settlement. The parties suggest that a settlement conference take place no later than June 30, 2008.

## OTHER SCHEDULING ISSUES

a. There are no discovery or scheduling issues, on which counsel, after a good-faith effort, were unable to reach an agreement.

b. Plaintiff anticipates this matter will require a five (5) day trial to a jury. Defendant's estimate is three days.

## OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

14

In addition to filing an appropriate notice with the clerk's office, *a pro se* party must file a copy of a notice of change of his address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D, by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

Dated this 22nd day of May, 2008.

BY THE COURT:

*[signature]*

APPROVED

*[signature]*
J. Keith Killian, Esq.
Nicholas W. Mayle, Esq.
202 North Seventh Street
Grand Junction, CO 81502
970-241-0707
Attorneys for Plaintiff

*[signature]* RPL
Merrily Archer, Esq.
William L. Davis, Esq.
Jackson Lewis LLP
1050 17th St., Suite 2450
Denver, CO 80265.
303-225-2409
Attorneys for Defendant